UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESAMUEL PALMER,

                Plaintiff,

vs.                         Case No.  2:09-cv-604-FtM-29DNF

A. JOHNSON; A. WALKER; M. KRAUS; S.
CONIGILIO,

                Defendants.

_____

**<u>ORDER</u>**

    This matter comes before the Court upon Plaintiff's *pro se*
"Memorandum of Law in the Support of Plaintiff's T.R.O." filed on
May 13, 2010 (Doc. #50, Memorandum).  Plaintiff filed various
affidavits in support of his motion for temporary restraining
order. <u>See</u> Docs. ##51-54. As of the date of this Order, the case
docket in the above-captioned action does not reflect the filing of
motion for a temporary restraining order by Plaintiff.  <u>See
generally</u> case docket.  Rule 4.05(b)(1) of the Rules of the
District Court for the Middle District of Florida (hereinafter
"Local Rules") requires that a request for the issuance of a
temporary restraining order shall be made by a "separate motion
entitled 'Motion for Temporary Restraining Order.'" Due to
Plaintiff's *pro se* status, the Court will construe the Memorandum
as a motion for a temporary restraining order consistent with Local
Rule 4.05(b)(1).

The Memorandum describes various incidents, which have transpired since Plaintiff filed the above-captioned action, that Plaintiff submits were done in retaliation for Plaintiff filing previous civil rights actions with this Court. <u>See generally</u> Memorandum. In particular, Plaintiff complains that he has been struck on the hand with a "pad lock," was housed in a cell that had a backed-up toilet and roaches, was without any sheets for seven days, was only provided one set of "blues," i.e. clothing, was kicked by another inmate, was kicked, punched and kneed by unspecified officers at Charlotte Correctional Institution, and was forced to cuff-up behind his back despite having a "front cuff pass." <u>Id.</u> at 3-4. As relief, Plaintiff asks that the Court "grant his motion for an [sic] TRO to prevent more injury upon the Plaintiff." <u>Id.</u> at 5.

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice only if (1) "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and, (2) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, before the Court may grant a temporary restraining order, the movant must post security "in an amount . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Further, under Local Rule

4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction."[1]   Additionally, the movant is required to: specifically describe the conduct sought to be enjoined; provide sufficient factual detail so that the Court can determine the appropriate amount of security which must be posted by the movant; accompany the motion with a proposed form order; and, attach a supporting legal memorandum.   Local Rule 4.06(b)(3).

At the outset it is clear that Plaintiff has not complied with the requirements of either Fed. R. Civ. P. 65(b) or Local Rule 4.05(b).   Plaintiff has **not** demonstrated a threat of an immediate and irreparable injury or loss, nor has he posted security, or explained why security should not be posted.   Further, Plaintiff has not established the four prerequisites mandated by the Eleventh Circuit to warrant the issuance of either a temporary restraining order or preliminary injunctive relief.   <u>Parker v. State Bd. of Pardons & Paroles</u>, 275 F.3d 1032, 1034-35 (11th Cir.) (*per curiam*),

---

[1]Under Local Rule 4.05(b)(4), "The brief or legal memorandum submitted in support of the motion must address the following issues:  (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any."  Local Rule 4.06(b)(1) requires that a party applying for a preliminary injunction must also address these four factors in a brief or legal memorandum.

cert. denied, 534 U.S. 1072 (2001).  Wall v. Ferrero, 142 Fed. Appx. 405 (11th Cir. 2005).  Based upon the foregoing, the Court finds Plaintiff is not entitled to a temporary restraining order.

To the extent that Plaintiff contends that the various incidents of which he complains give rise to any constitutional violations, Plaintiff may file a civil rights complaint form pursuant to 42 U.S.C. § 1983, after he has fully exhausted his available administrative remedies within the Florida Department of Corrections.

ACCORDINGLY, it is hereby **ORDERED**:

Plaintiff's "Memorandum of Law in the Support of Plaintiff's T.R.O." (Doc. #50), construed as a motion for temporary restraining order, is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this   18th   day of May, 2010.

JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record

-4-