```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LESAMUEL PALMER,

                Plaintiff,

vs.                        Case No.   2:09-cv-604-FtM-29DNF

A. JOHNSON; A. WALKER; M. KRAUS; S. CONIGILIO,

                Defendants.
_____

## ORDER

This matter comes before the Court upon review of Defendants' Motion to Strike (Doc. #48, Motion), to which Plaintiff filed a "Motion to Dismiss Defendants' Motion to Strike" (Doc. #55). The Court construes Plaintiff's "motion to dismiss" to be a response in opposition of the Defendants' Motion to Strike. The Court also reviews the following pending motions filed by Plaintiff:  motion to appoint counsel (Doc. #49), motion for more definite statement (Doc. #57), motion for extension of time to file response to Defendant's motion to dismiss (Doc. #58), and "motion to dismiss plaintiff's motion for more definite statement" (Doc. #59). The Court construes Plaintiff's motion to dismiss plaintiff's motion for more definite statement to be a motion to withdraw his pleading filed at Doc. #57.

### Motion to Strike

Defendants move to strike Plaintiff's "witness affidavit," which Plaintiff filed on April 30, 2010. See Doc. #47. Defendants

state the affidavit contains allegations that Plaintiff was assaulted by officers not named in the Complaint. Doc. #48 at 1. Defendants submit that the Court should strike the affidavit because it is "immaterial and impertinent as the document has no essential or important relationship to the claim for relief and consists of a matter that does not pertain to the issue in Plaintiff's Complaint." Id. at 3 (citing Wood v. Idaho Dep't of Corr., 391 F. Supp. 2d 852, 855 (D. Idaho 2005)). In response, Plaintiff states that he filed the witness affidavit to show that corrections officials are retaliating against him for filing the instant civil rights action. Doc. #55 at 1.

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 8:05-cv-936-T-24EAJ, 2005 WL 1421170 (M.D. Fla. June 17, 2005). As defined in Rule 12(f), motions to strike are directed to the "pleadings" only and thus are not available to strike material contained in motions, briefs, memoranda, or affidavits. See Morroni v. Gunderson, 169 F.R.D. 158, 170 (M.D. Fla. 1996). A court may strike a pleading that is not filed in compliance with the Federal Rules of Civil Procedure or the local rules. Fed. R. Civ. P. 12(f), Brown v. General Personal Consultants, Inc., 8:99-cv-2686-T-17C, 2000 WL 782084 (M.D. Fla. Apr. 6, 2000).

Indeed, as Defendants point out, Plaintiff's "witness affidavit" lists three defendants' names when only one two of them are named Defendants in Plaintiff's civil rights action. See Doc. #47.  The allegations in the witness affidavit pertain to an April 12, 2010 incident, while the incident giving rise to the Complaint allegedly occurred on June 8, 2009.  See Complaint at 8.  Although Plaintiff claims in his response that he filed the witness affidavit for purposes of showing that he is facing retaliation for filing this lawsuit, there are neither any allegations of retaliation in the witness affidavit, nor are there any pleadings related to the affidavit alleging retaliation.  Based on the foregoing, the Court grants Defendants' motion and will direct the Clerk of Court to strike and return Plaintiff's "witness affidavit."

While the Court realizes that Plaintiff is proceeding *pro se* and must be afforded some leniency, Plaintiff must understand that even a *pro se* Plaintiff must comply with the Federal Rules of Civil Procedures and the Local Rules.  Should Plaintiff wish to include new claims of retaliation based on his filing of the instant action, Plaintiff shall move to amend his complaint to include such claims while complying with the rules.  Plaintiff is cautioned, however, that a responsive pleading has already been filed in this case.  See Doc. #44.

**Plaintiff's Motion to Appoint Counsel**

Plaintiff files the instant motion requesting that the Court appoint him counsel. Doc. #49. Plaintiff attaches to his motion some letters, which he has apparently sent to lawyers to request their assistance in this case. Doc. #49-1. In support of his motion, Plaintiff submits that the legal issues in his case are complicated and he is having difficulty obtaining "discovery" from the Defendants. Id. at 1.

"A civil litigant, including a prisoner pursuing a § 1983 action, has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)(citations omitted). Although there is no comprehensive definition for what constitutes "exceptional circumstances," the Court should consider the following factors: (1) the type and complexity of the case; (2) the abilities of the individual bringing it; (3) whether the individual is in the position to adequately investigate his case; and (4) whether the evidence will consist mostly of conflicting testimony so as to require skill in cross-examination. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the [C]ourt. Where

the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

A review of Plaintiff's Complaint shows that this case involves an Eighth Amendment excessive use of force. See Complaint. The incident giving rise to the alleged constitutional violation occurred on one specific date, June 8, 2009, while Plaintiff was incarcerated at Charlotte Correctional Institution. Id. at 8. Thus, the Court finds that the type and complexity of the legal issues in this case are not so complex to necessitate the appointment of counsel. To the extent Plaintiff submits that he has had difficulty obtaining "discovery" in this case, Defendant Johnson's motion to dismiss remains pending on the docket and has recently become ripe for review on May 28, 2010. As such, the Court has not entered a Case Management and Scheduling Order setting the deadline for discovery. See docket. To the extent Plaintiff has attempted to begin the discovery process, any of his requests for production of discovery at this stage of the litigation are premature. A review of the docket evidences that Plaintiff has otherwise shown the ability to litigate his case. Thus, Plaintiff's motion for appointment of counsel is denied.

**Plaintiff's Motion for More Definite Statement**

Plaintiff files the instant motion (Doc. #57) seeking clarification of the Answer (Doc. #44) filed on behalf of Defendants Kraus and Walker. On May 25, 2010, Plaintiff filed a motion to withdraw his motion, acknowledging that he need not file

a response to the Defendants' Answer.  As such, Plaintiff's Motion to Withdraw is granted.

### Plaintiff's Motion for Extension of Time

Plaintiff seeks an unspecified amount of additional time to file a response to Defendant Johnson's Motion to Dismiss.  Doc. #58.  In support of his motion, Plaintiff submits that he being held in confined management and has limited access to the law library at the jail.  Id. at 1.  Plaintiff requests that the Court enter an Order reflecting his deadline to file a response so that he can show the Order and deadline to the law librarian at the jail.  Id. at 2.  On May 28, 2010, Plaintiff filed his response to Defendant Johnson's Motion to Dismiss.  Thus, Plaintiff's motion for an extension of time is granted *nunc pro tunc*.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Clerk of Court shall re-label Plaintiff's "Motion to Dismiss Defendants' Motion to Strike" (Doc. #55) as a "response in opposition to Doc. #48" on the docket and terminate the pending motion.

2.  The Clerk of Court shall re-label Plaintiff's "motion to dismiss plaintiff's motion for more definite statement" (Doc. #59) as a "motion to withdraw Doc. #57" on the docket.

3. Defendants' Motion to Strike (Doc. #48) is **GRANTED**. The Clerk of Court shall strike and return Plaintiff's "witness affidavit" (Doc. #47).

4. Plaintiff motion requesting appointment of counsel (Doc. #49) is **DENIED**.

5. Plaintiff's Motion to Withdraw (Doc. #59) is **GRANTED**. The Clerk of Court shall terminate Plaintiff's Motion for a More Definite Statement (Doc. #57) and note on the docket that Plaintiff withdrew his motion.

6. Plaintiff's motion for an extension of time (Doc. #58) is **granted** *nunc pro tunc*, and the Reply (Doc. #60) is deemed timely filed.

**DONE AND ORDERED** in Fort Myers, Florida, on this __16th__ day of June, 2010.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record