```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LESAMUEL PALMER,

                Plaintiff,

vs.                                    Case No.  2:09-cv-604-FtM-29DNF

A. JOHNSON; A. WALKER; M. KRAUS; S. CONIGILIO,

                Defendants.

_____

## OPINION AND ORDER

**I.**

This matter comes before the Court upon review of the Objections to Magistrate Judge's Order (Doc. #70, Objections), filed pursuant to Fed. R. Civ. P. 72(a) on behalf of Defendants Johnson, Kraus, and Walker on August 26, 2010.

Defendants object to the Magistrate Judge's August 25, 2010 Order (Doc. #70, Order) granting Plaintiff's motion to compel, to the extent that Defendants were directed to provide Plaintiff with those personnel files belonging to the Defendants that show investigations of prior incidents of excessive use of force and outcomes of those investigations, and/or disciplinary measures resulting therefrom as to the Defendants. Order at 3. The Order directed Defendants to redact any information that poses a threat to "security." Id.

**II.**

The Complaint alleges that Plaintiff was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights stemming from a June 8, 2009 assault, while Plaintiff was incarcerated at Charlotte Correctional Institution ("CCI"). Complaint at 8. Plaintiff names the following Defendants: the Secretary of the Florida Department of Corrections, Walter McNeil; the Warden of CCI, A. Johnson; CCI Lieutenant, A. Walker; and Correctional Officers, M. Kraus and S. Conigilio. Id. at 6-7. Plaintiff claims that Defendants Kraus and Conigilio assaulted him by slamming him to the floor while he was in restraints. Id. After he was on the ground, Plaintiff alleges that he received "blows by Defendant Kraus . . . and was called a 'baby raper'." Id. at 9. During the incident, Plaintiff states that Defendant Conigilio held down his legs down. Id. Plaintiff alleges that Defendant Walker was also present during the incident. Id.

Plaintiff claims that he had previously asked Lieutenant Walker to escort him because he feared Kraus and Conigilio, but his requests were ignored. Id. at 9-10. In fact, a few months before the incident *sub judice*, in February 2009, Plaintiff alleges that Defendants Kraus and Conigilio assaulted him. See 2:09-cv-401-FtM-36DNF. In the instant action, Plaintiff attributes liability on Warden Johnson for failing to exercise "reasonable care" based on his knowledge of the earlier attack by these same officers.

Complaint at 10. Plaintiff submits that he previously told Warden Johnson that he was in fear of his life and fear of retaliation by Defendants Congilio and Kraus, but his statements were ignored. Id.

### III.

A district court reviews an objection to a non-dispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to the law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Control of discovery in a civil case is committed to the sound discretion of the court. Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002). The Court finds that the Magistrate Judge applied the correct law and that his decision was not clearly erroneous.

A reviewing court applies an abuse of discretion standard in its review of a decision on a motion to compel. Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006). A court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, makes findings of fact that are clearly erroneous, misconstrues its proper role, ignores or misunderstands the relevant evidence, bases its decisions upon considerations having little factual support, or makes a clear error of judgment. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008); Serra Cheverlot, Inc. v. GMC, 446 F.3d 1137, 1146-47 (11th Cir. 2006); Peat, Inc. v.

Vanguard Research, Inc., 378 F.3d 1154, 1159 (11th Cir. 2004). Absent such situations, discretion means that a court is allowed a range of choices, and should not be second-guessed. Holloman, 443 F.3d at 837. "A district court's decisions regarding discovery may only be disturbed upon a showing of substantial harm to the party seeking relief." Jermone v. Marriott Residence Inn Barcelo Crestline/AIG, 211 Fed. Appx. 844, 848 (11th Cir. 2006)(citations omitted).

Under the Federal Rules of Civil Procedure, a party is permitted to "obtain discovery regarding any matter non-privileged that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. This phrase is to be construed broadly, Nat'l Serv. Indus., Inc. v. Vafla Corp., 694 F.2d 246, 250 (11th Cir. 1982), but discovery "shall be tailored to the issues involved in the particular case," Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992). Additionally, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by a lawyer. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Contrary to Defendants' assertions, this action is pending against the Defendants in both their individual *and* official capacities. See Doc. #32 at 3, 5 (dismissing Defendant McNeil, but noting that the action is construed against the defendants in their

official and individual capacities).  As the Magistrate correctly found, personnel files, or other similar documentation, containing information regarding investigations by the Inspector General's Office on prior complaints of excessive force by Defendants Kraus, Walker, and Congilio; outcomes of those investigations; and/or, disciplinary measures involving the named-defendants, is relevant, or is likely to lead to the discovery of relevant evidence in this case.[1]  As the Magistrate correctly found, incidents of involvement in past excessive use of force is relevant to the issue involving official capacity claims arising from any customs or practices, or any supervisory liability claims.  Complaint at 9-11 (alleging numerous other incidents of excessive of use and failure to take corrective action).  As noted above and contrary to the Objections and Defendants' assertions in Response to the Motion to Compel (Doc. #67), the standard is *not* whether the evidence is admissible at trial.  Doc. #67 at 3; Objections at 6.

The scope of discovery may be limited if the requested items for discovery are cumulative, obtainable from another source that is more convenient, or the expense outweighs the benefit "taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in

---

[1]The Order does not pertain to Defendant Johnson because Plaintiff's Motion to Compel was directed only at Defendants Kraus, Congilio, and Walker.  <u>See</u> Doc. #67-1 at 1, 3.

resolving the issues." Fed. R. Civ. P. 26(b)(2). Defendants request that the Court narrow the scope of the Order. Objections at 6. Specifically, Defendants request that only Defendant Kraus' files be subject to the Order compelling production because Kraus was the only served defendant involved in the excessive use of force *sub judice*. Id. The Court's review of the Complaint reveals that Plaintiff alleges that Defendants Kraus and Congilio[2] used excessive force on Plaintiff while Defendant Walker was present and failed to intervene. Complaint at 9-10. Therefore, the Court will *not* limit the scope of the Order to only Defendant Kraus. The Court, however, clarifies the Magistrate's Order with respect to the time frame since Defendants also take issue with this matter. Defendants shall produce those files concerning incidents that took place from the start date of the respective Defendants' employment with the Florida Department of Corrections until the time preceding the date of the incident alleged incident.[3]

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel are **OVERRULED**.

---

[2] Service of process remains unexecuted on Defendant Congilio. The Court will review this matter by separate order.

[3] Defendants submitted that the use of force took place on June 9, 2009, not June 8, 2009. Doc. #67 at 2, fn. 1.

2. Defendants shall produce the aforementioned files within **seven (7) days** from the date on this Order.

3. Defendants' Motion to Stay Magistrate Order Pending Review of the Order by the District Court Judge (Doc. #77) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, on this __19th__ day of January, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record