UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESAMUEL PALMER,

                Plaintiff,

vs.                         Case No.  2:09-cv-604-FtM-29DNF

A. JOHNSON; A. WALKER; M. KRAUS; S.
CONIGILIO,

                Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court upon review of Defendant Johnson's Motion to Dismiss (Doc. #45, Mot. Dismiss) and Plaintiff's response (Doc. #60) in opposition thereto. This matter is ripe for review. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

**I.**

    The Complaint alleges that Plaintiff was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights stemming from a June 8, 2009, assault by correctional officers while Plaintiff was incarcerated at Charlotte Correctional Institution ("CCI"). Complaint at 8. Plaintiff names the following Defendants: the Warden of CCI, A. Johnson; CCI Lieutenant A. Walker; and Correctional Officers M. Kraus and S. Conigilio.

Id. at 6-7.  Plaintiff claims that Defendants Kraus and Conigilio assaulted him by slamming him to the floor while he was in restraints.  Id.  After he was on the ground, Plaintiff alleges that he received "blows by Defendant Kraus . . . and was called a 'baby raper'."  Id. at 9.  During the incident, Plaintiff states that Defendant Conigilio held down his legs down.  Id.  Plaintiff alleges that Defendant Walker was also present during the incident. Id.  Plaintiff claims that he had previously asked Lieutenant Walker to escort him because he feared Kraus and Conigilio, but his requests were ignored.  Id. at 9-10.

In February 2009, a few months before the incident *sub judice*, Plaintiff claims that Defendants Kraus and Conigilio assaulted him. See also 2:09-cv-401-FtM-36DNF (stemming from February 2009 assault).

Plaintiff attributes liability on Defendant Warden Johnson for failing to exercise "reasonable care" based on his knowledge of the previous attack by these same officers in February.  Complaint at 10.  Plaintiff submits that he previously told Warden Johnson that he was in fear of his life and fear of retaliation by Defendants Congilio and Kraus, but his statements were ignored.  Id.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters

judicially noticed. <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. <u>Day v. Taylor</u>, 400 F.3d 1272, 1276 (11th Cir. 2005); <u>Maxcess, Inc. v. Lucent Techs., Inc.</u>, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. <u>Pielage v. McConnell</u>, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. <u>Ashcroft v. Iqbal</u>, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the <u>Twombly-Iqbal</u> plausibility standard when reviewing a complaint subject to a motion to dismiss. <u>Randall v. Scott</u>, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. <u>Bell Atlantic Corp.</u>

v. Twombly, 550 U.S. 544, 556 (2007);  Marsh, 268 F.3d at 1036
n.16.  Specifically, "[w]hile a complaint attacked by a Rule
12(b)(6) motion to dismiss does not need detailed factual
allegations . . . a plaintiff's obligation to provide the 'grounds'
of his 'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause
of action will not do."  Id. at 555 (citations omitted).  Thus,
"the-defendant-unlawfully harmed me accusation" is insufficient.
Ashcroft, 129 S. Ct. at 1949.  "Nor does a complaint suffice if it
tenders naked assertions devoid of further factual enhancement."
Id.  The "[f]actual allegations must be enough to raise a right to
relief above the speculative level."  See Twombly, 550 U.S. 544,
127 S. Ct. 1955, 1965, 1968-69 (citations omitted).  Additionally,
there is no longer a heightened pleading requirement.  Randall, 610
F.3d at 701.

### III.

#### A.  Section 1983 Elements

To state a claim under 42 U.S.C. § 1983, a plaintiff must
allege: (1) defendants deprived him of a right secured under the
United States Constitution or federal law, and (2) such deprivation
occurred under color of state law.  Arrington v. Cobb County, 139
F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261
F.3d 1275, 1288 (11th Cir. 2001).  In addition, a plaintiff must
allege and establish an affirmative causal connection between the

-4-

defendant's conduct and the constitutional deprivation. <u>Marsh</u>, 268 F.3d at 1059; <u>Swint v. City of Wadley</u>, 51 F.3d 988 (11th Cir. 1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).  A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action.  <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658, 690-692 (1978); <u>Quinn v. Monroe County</u>, 330 F.3d 1320, 1325 (11th Cir. 2003); <u>Farrow v. West</u>, 320 F.3d 1235 (11th Cir. 2003).

The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous.  <u>Hicks v. Moore</u>, 422 F.2d 1246 (11th Cir. 2005). Supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation.  <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988)(per curiam).  The causal connection can be established by showing: (1) that the supervisor knew about and failed to correct a widespread history of abuse; (2) had a custom or policy resulted in the constitutional violation; or, (3) that the facts support an inference that the supervisor directed the subordinates to act unlawfully, or knew that the subordinates would act unlawfully and failed to stop them from doing so.  <u>Harper v. Lawrence County, Ala.</u>, 592 F.3d 1227,

1235-36 (11th Cir. 2010);  Cottone v. Jones, 326 F.3d 1352, 1360
(11th Cir. 2003).

**B. Failure to Protect Claim**

The Supreme Court made clear that "prison officials have a
duty . . . to protect prisoners from violence . . . . ." Farmer v.
Brennan, 511 U.S. 825, 833 (1994).  When officials become aware of
a threat to an inmate's health and safety, the Eighth Amendment's
proscription against cruel and unusual punishment imposes a duty to
provide reasonable protection.  Hopkins v. Britton, 742 F.2d 1308,
1310 (11th Cir. 1984).  Not every injury that an inmate suffers in
prison "translates into a constitutional liability." Farmer, 511
U.S. at 834.  Rather, a prison official's deliberate indifference
to a substantial risk of harm to an inmate offends "evolving
standards of decency," and rises to a violation of the Eighth
Amendment.  Id. at 828.  "Deliberate indifference is not the same
thing as negligence or carelessness." Maldonado v. Snead, 168 Fed.
Appx. 373 (11th Cir. 2006)(citing Ray v. Foltz, 370 F.3d 1079, 1083
(11th Cir. 2004)).  "Merely negligent failure to protect" an inmate
from an attack does not give rise to a § 1983 claim.  Carter, 352
F.3d at 1350.

A plaintiff must allege that the defendant was aware of
specific facts from which an inference could be drawn that a
substantial risk of serious harm exists and that the prison
official drew that inference.  Purcell v. Toombs County, GA., 400

F.3d 1313, 1319-20; <u>Carter v. Galloway</u>, 352 F.3d 1346, 1349 (11th Cir. 2003). In other words, to show that an official had subjective knowledge, the court is to inquire whether the defendant was aware of a "particularized threat or fear felt by [the plaintiff]." <u>Carter</u>, 352 F.3d at 1350. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and does not give rise to a constitutional violation. <u>Farmer</u>, 511 U.S. at 838. Whether an official had requisite knowledge is a question of fact that may be demonstrated by circumstantial evidence. <u>Id.</u> at 842. Consequently, evidence of past attacks which were "long-standing, pervasive, well-documented, or expressly noted by [ ] officials in the past" may be sufficient to find that the official had actual knowledge. <u>Id.</u>

### C. Application to This Complaint

At the Motion to Dismiss stage of the proceedings, the Court accepts all factual allegations in Plaintiff's Complaint as true and takes them in the light most favorable to the Plaintiff. It is undisputed that Defendant Johnson is a state actor, and the Complaint alleges an Eighth Amendment claim for failure to protect stemming from the June 2009 incident. Complaint at 8. There is no assertion that defendant Johnson was personally involved in the events. Defendant Johnson does not dispute that he was aware of

Plaintiff's previous complaints about Kraus, and that Plaintiff believed his life was in danger because of Kraus.   Instead, Defendant Johnson maintains that the Complaint fails to state a claim because Johnson referred the matter to the Inspector General's Office for investigation, which shows that he did not act with "deliberate indifference."  Mot. Dismiss at 2-3 (citing Doe v. Georgia Dep't of Corr., 245 Fed. Appx. 899 (11th Cir. 2007)).

At the outset, the Court finds Doe v. Georgia Dep't of Corr., 245 Fed. Appx. 899, cited by Defendant Johnson, is distinguishable from the instant case.  First, the Court notes that the Doe case was at the summary judgment stage of the proceedings, not the motion to dismiss stage of the proceedings.  Additionally, the Court finds that the facts in Doe are distinguishable from the facts sub judice.  In particular, in Doe the incident at issue began and ended during a four-day time span, for which an investigation regarding the correctional officer's actions was immediately commenced.  Here, the initial assault took place approximately four months before the June 2009 assault.  During this four-month time period, Plaintiff states that he wrote numerous grievances alerting prison officials, including Defendant Johnson, about his continued fear of "retaliation" from Kraus, especially after the February 2009 incident.  In Doe, the facts reveal that the defendant correctional officer was "transferred to another dormitory," presumably away from that inmate-accuser's

dorm. Doe, 245 Fed. Appx. at *1. In this case, Kraus was permitted to continue to escort Plaintiff. Attached to Plaintiff's Complaint are several inmate grievances, in which Plaintiff expressed fear of an attack by correctional officers Kraus and/or Congilio. See Doc. #1-2 at 1 (setting forth first incident with Kraus not taking plaintiff to recreation, dated January 15, 2009); Id. at 2 (stating "I don't feel safe here at this cm comp" referring to incident involving Kraus, dated February 7, 2009); id. at 3-4 (stating that plaintiff's life is at risk because of Defendant Kraus' actions, dated April 7, 2009). Plaintiff's grievances show that he had, in fact, filed inmate grievances regarding Kraus' actions even prior to the February 2009 assault. As Defendant Johnson points out, some of those grievances establish that the matter was forwarded to the Inspector General's Office for investigation.

It is not clear from the Complaint or its attachments when Defendant Johnson forwarded the allegations for investigation by the Inspector General's Office, or the result thereof. Despite Plaintiff's numerous grievances alerting prison officials to the incidents between Kraus and Plaintiff and his concern about his safety, Plaintiff was assaulted a second time by Kraus and Congilio. Thus, the Court finds the Complaint contains a plausible Eighth Amendment claim against the warden for his failure to protect Plaintiff from the second assault by Defendant Kraus and

Congilio in June 2009.  Consequently, Defendant Johnson's Motion to Dismiss is denied with respect to this claim.

### D.   Eleventh Amendment Immunity-Official Capacity Claim

Defendant Johnson states that it is unclear whether Plaintiff names him in his official capacity.  Mot. Dismiss at 5.  The Court notes that this action is pending against the Defendants in both their individual and official capacities.  See Doc. #32 at 3, 5 (dismissing Defendant McNeil, but noting that the action is construed against the defendants in their official and individual capacities); Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); see Hobbs v. Roberts, 999 F.2d 1526, 1528-1532 (11th Cir. 1993)(stating when it is unclear on "whether officials are sued personally, in their official capacity, or both," courts must look to "the course of the proceedings" which will "typically indicate the nature of the liability sought to be imposed.").

In the alternative, Defendant Johnson argues that to the extent Plaintiff is pursuing claims against Johnson in his official capacity, Eleventh Amendment immunity precludes the award of monetary damages against him.  Mot. Dismiss at 5.  In Response, Plaintiff clarifies that he is not seeking monetary damages from Defendant Johnson in his official capacity.  Response at 9. Plaintiff states that he names the defendants in their official capacity for purposes of obtaining injunctive and/or declaratory relief.  Id.  Indeed, any official capacity claim for monetary

damages against Defendant Johnson is precluded by Eleventh Amendment immunity. Graham, 473 U.S. at 159.

To the extent Plaintiff sues Defendant Johnson in his official capacity, then this action is effectively an action against the governmental entity Johnson represents, which in this case is the Florida Department of Corrections. See Graham, 473 U.S. at 166; Cook ex. rel Estate of Tessier v. Sheriff of Monroe County, 402 F.3d 1092, 1115 (11th Cir. 2005). A governmental entity is only liable when the entity itself was the "moving force" behind the alleged constitutional deprivation. Graham, 473 U.S. at 166 (citing Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 694 (1978)). Thus, in an official capacity action, the entity's "custom or policy" must have played a part in the violation of federal law. Id. (other citations omitted). Other than moving for dismissal of monetary damages against Defendant Johnson in his official capacity, Defendant Johnson does not move to dismiss Plaintiff's official capacity claims. Therefore, Plaintiff will have an opportunity to develop these claims through the discovery process.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   Defendant Johnson's Motion to Dismiss (Doc. #45) is **GRANTED** to the limited extent that any claims for monetary damages against Defendant Johnson in his official capacity are precluded by

Eleventh Amendment immunity.  **In all other respects, the Motion is DENIED.**

2.  Defendant Johnson shall file his Answer within **twenty-one (21) days** from the date on this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, on this __27th__ day of January, 2011.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

-12-