**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**LESAMUEL PALMER,**
**DC#L41847,**

**Plaintiff,**

**v.** **Case No.: 2:09-CV-604-FtM-29DNF**

**A. JOHNSON, et al.,**

**Defendants.**
**____________________________/**

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Defendants, through undersigned counsel, file this Response to Plaintiff's Motion to Alter or Amend Judgment (DE 134). Defendants state the following:

1. Plaintiff's counsel failed to confer with the undersigned prior to filing the instant motion. A motion to alter judgment is not included in the list of civil motions allowed to be filed without conferral as stated in local rule 3.01(g).

2. The law related to Rule 59, Fed.R.Civ.P., was concisely stated in XL Ins. America, Inc. v. Ortiz, No. 09-20630-CV, 2010 WL 963146, at *1 (S.D.Fla. Mar. 15, 2010):

> Rule 59(e) of the Federal Rules of Civil Procedure authorizes a motion to alter or amend a judgment. Rule 59(e) does not identify the grounds for a motion to alter or amend a judgment, and courts have broad discretion to grant or deny such a motion. *Sussman v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla. 1994) citing *Am. Homes Assur. Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Courts have identified four grounds for Rule 59(e) motions. Such motions are proper (1) where there is an intervening change in controlling law, (2) where there is newly discovered evidence, (3) to correct clear legal error, or (4) to prevent manifest injustice. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30 [5][a] (Matthew Bender 3d ed.). In this case, Ortiz argues that the Court committed clear legal error in issuing its decision.

> A party considering a Rule 59(e) motion should keep in mind that such motions are very burdensome to the courts and cause unnecessary waste of limited judicial resources. As such, "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (Matthew Bender 3d ed.). When a party is considering filing a Rule 59(e) motion, the presumption should be in favor of seeking review of the district court's order in the appellate courts, particularly when the district court has clearly given thorough consideration to the underlying ruling (as evidenced, for example, by the issuance of a reasoned opinion).

3. Here, it is unknown which of the four reasons for a Rule 59 motion Plaintiff is proceeding under. Clearly, no change in the law has taken place nor does Plaintiff cite to newly discovered evidence.[1] To the extent Plaintiff believes a clear legal error has occurred or a manifest justice has occurred, the Court thoroughly explained its reasoning for the decision in its thirty-four page opinion. Further, there is video of the entire use of force. This video showed that the encounter between Plaintiff and Officer Kraus and Coniglio was initiated by the Plaintiff when he suddenly turned towards Officer Kraus and was face to face with the officer. The inmate admitted during his deposition that he was agitated prior to the use of force. The video shows no force which could be deemed excessive and during his deposition Plaintiff could not describe any force that was excessive. Thus, the Court correctly determined the use of force to be justified due in large part from what was shown on the wing video and what was stated by Plaintiff during his deposition. (DE 130 at 23-29)

4. The Supreme Court has given clear guidance as to how to view a prison disturbance:

> When the "ever-present potential for violent confrontation and conflagration," *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S.

[1] Plaintiff attaches an expert report which he states he failed to file with his response to Defendants' Motion for Summary Judgment. However, the evidence is not newly discovered.

>   119, 132, 97 S.Ct. 2532, 2541, 53 L.Ed.2d 629 (1977), ripens into actual unrest and conflict, the admonition that "a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators," *Rhodes v. Chapman*, *supra*, 452 U.S., at 349, n. 14, 101 S.Ct., at 2400, n. 14, carries special weight. "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S., at 547, 99 S.Ct., at 1878. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice.

Whitley v. Albers, 475 U.S. 312, 321-22 (1986).  Here, an agitated inmate initiated a disturbance by aggressively turning towards his jailor to the extent that he was face to face with the jailor. This inmate was in a heighted security status (*i.e.*, close management) due to the fact that he had previously broken another inmate's arm during a fight.  The officer had a split second to make a decision as to what to do about the situation.  The officer decided to take the inmate to the ground and secure the inmate to the ground until the inmate calmed down and assistance arrived.  No other force was used as confirmed by the wing video.  The action by the officer is precisely the "considered choice" discussed in Whitley by the Supreme Court.  As such, this Court's decision is correct.

     5.     Plaintiff's arguments within the Motion to Alter Judgment are objectively unreasonable as they merely re-argue Plaintiff's positions from his Response to Defendants' Motion for Summary Judgment.  None of the four reasons to alter judgment are directly addressed in Plaintiff's motion.  Accordingly, Plaintiff is unnecessarily multiplying the proceedings and Defendants should be awarded attorney's fees and cost for having to respond to the motion.  28 U.S.C. § 1927; see also Mid-Continent Cas. Co. v. American Pride Bldg. Co., LLC, No. 2:07-cv-258-FtM-99SPC, 2010 WL 1223904, at *3-4 (M.D.Fla. Feb. 18, 2010).

## CONCLUSION

Plaintiff's motion should be denied as the thirty-four page opinion issued by the Court was correct in its application of the law to the relevant facts in this case, particularly those facts as shown on the wing video. Further, Defendants seeks fees and costs under 28 U.S.C. § 1927 for Plaintiff's unnecessary multiplication of proceedings.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

s/ Lance Eric Neff
LANCE ERIC NEFF
Assistant Attorney General
Florida Bar Number 26626
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300 - Telephone
(850) 488-4872 - Facsimile
Email: Lance.Neff@myfloridalegal.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to: James V. Cook on this 5th day of March, 2012.

s/ Lance Eric Neff
LANCE ERIC NEFF