UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESAMUEL PALMER,

               Plaintiff,

vs.                              Case No.  2:09-cv-604-FtM-29DNF

A. JOHNSON; A. WALKER; M. KRAUS; S.
CONIGILIO,

               Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Alter or Amend Judgment (Doc. #134, Motion), filed March 5, 2012.  Defendants filed a response (Doc. #135, Response) in opposition to the Motion.  This matter is ripe for review.

### I.

Plaintiff, who is represented by counsel, moves under "Rule 59" to alter or amend the Court's February 6, 2012 Judgment entered in favor of Defendants, after granting Defendants' Motion for Summary Judgment.  See Order at Doc. #130; Judgment at Doc. #131. Plaintiff submits that "[t]he Court accepted Defendants version of disputed facts and took inferences in the light most favorable to Defendants."  Motion at 1.  Plaintiff also submits that the Court "misapprehended the standard for injury."  Id.

In response, Defendants point out that Plaintiff failed to confer with defense counsel prior to filing the instant motion in violation of Local Rule 3.01(g)(M.D. Fla. 2009).  Response at 1.

Defendants also note that Plaintiff does not specify as to which of the provisions under Rule 59 Plaintiff is moving. <u>Id.</u> at 2. To the extent it appears Plaintiff intends to argue that clear legal error, or manifest injustice occurred in the Order granting Defendants' Motion for Summary Judgment, Defendants argue that the Court thoroughly explained its reasoning for its decision in its 34-page opinion. <u>Id.</u>

## II.

Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered. <u>See</u> <u>Mincey v. Head</u>, 206 F.3d 1106, 1137 (11th Cir. 2000). "The only grounds for granting a rule 59 motion are newly discovered evidence or manifest error of law or fact." <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007)(citations omitted). A Rule 59 motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. <u>Id.</u> (citing <u>Michael Linet, Inc. v. Village of Wellington, Fla.</u>, 408 F.3d 757, 763 (11th Cir. 2005)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." <u>Saadi v. Maroun</u>, Case No. 8:07-cv-1976-T-24MAP, 2009 WL 3736121 *6 (M.D. Fla. Nov. 4, 2009)(internal citations omitted). "Rule 59 is not a vehicle for

rehashing arguments already rejected by the court or for refuting the court's prior decision." Id.

**III.**

By way of background, LaSamuel Palmer, an inmate in the custody of the Florida Department of Corrections, initiated this action by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on September 14, 2009. Counsel entered his appearance on behalf of Plaintiff on February 23, 2011, and was granted an extension of time to effect service of process on Defendant Coniglio. See docket; see also Doc. #107. On July 28, 2011, the parties submitted their joint Case Management Report. See generally docket.

Plaintiff sued the following Defendants in their individual and official capacities: Andro Johnson, the Warden of Charlotte Correctional Institution at the time of the incident; A. Walker, a Lieutenant at Charlotte Correctional Institution at the time of the incident; and M. Kraus and S. Coniglio, correctional officers at Charlotte Correctional Institution the time of the incident. Complaint at 6-7. Because Plaintiff named the Defendants in their official capacities, the Court construed the claim to also be against the Secretary of the Florida Department of Corrections. See Doc. #79 at 4 (citing Doc. #32 at 3, 5). Plaintiff alleged he was subjected to cruel and unusual punishment in violation of the Eighth Amendment as a result of an alleged excessive use of force

-3-

that occurred during his escort from recreation to his cell on June 9, 2009 at Charlotte Correctional Institution ("CCI").  Complaint at 8.  On February 6, 2012, the Court granted Defendants' Motion for Summary Judgment, after a thorough review of the record, including videotape surveillance of the incident in question.  The video footage revealed that the incident from initial take down to the time the officers lifted Plaintiff from the ground spanned a duration of time no longer than 4 minutes.  The use of force only involved two, swift, spontaneous movements that brought Plaintiff to the ground, after which leg irons were placed on Plaintiff's legs.  See generally Order.  Plaintiff was immediately escorted to the medical department following the use of force.  Id. at 13.

**IV.**

At the outset, Plaintiff fails to specify on which basis he seeks reconsideration under Rule 59.  See Motion.  Plaintiff does not proffer new evidence.  Consequently, the Court construes Plaintiff's Motion as seeking relief under Rule 59(e) based upon the Court's alleged manifest error of law or fact contained in the February 6, 2012 granting Defendants' Motion for Summary Judgment. However, the Court will not address Plaintiff's perceived Court errors that are really Plaintiff's disagreements with the Court's findings of fact based on the record.  Such is not the purpose of a Rule 59 Motion.  Upon through review of Plaintiff's Motion, the

-4-

Court's Order, and the record, the Court denies Plaintiff's Rule 59 Motion.[1]

Plaintiff argues that the Court construed facts and inferences against the Plaintiff by its: (1) reference to Plaintiff's disciplinary record during his custody at the Florida Department of Corrections; (2) reference to certain events that occurred prior to the use of force; (3) interpretation of the video recording and finding that Plaintiff was "agitated"; (4) suggestion that whether Defendant Kraus called Plaintiff a "baby raper" was not material to the issues raised in the summary judgment; (5) finding no liability as to Defendant Walker for failing to intervene; (6) finding Warden Johnson did not act with deliberate indifference; and (7) finding that Plaintiff suffered "no injury." See generally Motion.

## A. Reference to Plaintiff's Disciplinary Record

Plaintiff first takes issue with the Court's reference to his disciplinary record. Motion at 2. Plaintiff argues that the Court improperly infers from Plaintiff's disciplinary record that he is a dangerous inmate and that the Defendants knew he was dangerous before using force on him. Id. at 3. In support, Plaintiff quotes a sentence from the Order that pertains to a different finding of undisputed fact. See Order at 5.

---

[1]Because the Court denies Plaintiff's Motion, the Court finds Defendants' argument that counsel failed to confer pursuant to Local Rule 3.01(g) is moot.

In addition to finding it undisputed that Plaintiff was a close management inmate with a history of physical altercations with other inmates, the Court also found that Plaintiff was deemed a "writ writer" and had grievances submitted about him.  Order at 2.  The portion of the Order Plaintiff references in the instant Motion stated:

> Plaintiff is considered a 'writ writer,' meaning he writes a lot of inmate grievances, but he also has inmate grievances submitted about him.  See generally Doc. 3112-1, Exhs. C, D; Exh. D at 51 (inmate John Doe reporting that Plaintiff told him he was the leader of a black gang mob and was planning an escape); Exh. D at 57 (reporting Plaintiff' use of profanity against Officer Schwartz and threatening the Officer, stating "I'm gonna get a hold of you and kill you," "wish this window wasn't here.  I'm going to have your job."); Doc. #114-1, Exhs. C, D1-D17).

Order at 2.

The Court found as an undisputed fact that the Department of Corrections classified Plaintiff as a "close management" inmate since 2005.  Id. at 5.  The Court further pointed out that Plaintiff had been found guilty of various disciplinary infractions for violating Department rules, "including, but not limited to: breaking another inmate's arm, fighting, unarmed assault, possession of a weapon, and spoken threats."  Id. (citing Doc. #113, Pl's Depo. Exh J at p. 38, Disciplinary Report, Exh. B; Disciplinary Actions Form, Exh. C; Doc. #116, Pl's Exh. F, Pl's Depo., p. 38).  Plaintiff neither disputed the fact that he was classified as a close management inmate, nor his prior disciplinary infractions.  Thus, these undisputed facts regarding Plaintiff's

classification and disciplinary infractions, irrespective of the facts referenced with regard to Plaintiff being deemed a "writ writer" and having inmate grievances written about him, support the inference that Defendants' reasonably regarded Plaintiff as a high risk inmate.  Therefore, the Court did not improperly construe the facts or make improper inferences against Plaintiff.

**B.   Events that Occurred Prior to the Use of Force**

Plaintiff next takes issue with the Court's reference to certain events that occurred prior to the use of force.  Motion at 3-5.  Specifically, Plaintiff re-asserts that hours before the use of force, he attempted to talk to Defendant Walker about his issue with Officer Kraus, but Walker called him a "dumb ass," and did not want to talk to him.  Id. at 3.  Plaintiff appears to argue that the Court improperly disregarded these facts, but instead noted that Defendant Walker went to Plaintiff's cell to "counsel" him.  Thus, Plaintiff argues that the Court's use of the word "counsel" improperly drew the inference that Plaintiff "had done something to be counseled for."  Id. at 4.

In relevant part, the Court's February 6 Order found the following facts were undisputed:

> On June 9, 2009, around 9:10 a.m., Lieutenant Walker came to "counsel" Plaintiff at his recreation cage.  Officers Kraus and Congilio were present at Plaintiff's recreation cage to escort Plaintiff, who was in hand restraints, from his recreation cage to his cell.  Plaintiff objected to be escorted by Officer Kraus and asked Lieutenant Walker if another officer could escort him.  Officer Walker denied Plaintiff's request for a different escort

> and warned him that failure to comply with the guards'
> orders would result in the use of force.  Officer Kraus
> was the primary officer who escorted Plaintiff by holding
> his arm.  The escort did not go without incident.

Order at 6 (citations in original omitted).  The Court's use of the word "counsel" was taken from Plaintiff's own deposition, in addition to incident reports that both Plaintiff and Defendant submitted to the Court.  Thus, the fact that Plaintiff was "counseled" before the escort began was an undisputed fact.  The February 6 Order also noted that Plaintiff attempted to talk to Defendant Walker about his issue with Officer Kraus and Kraus called him a "dumb ass," but these facts were <u>disputed</u>.  Order at 8-15.  Therefore, the Court did not improperly construe the facts or make improper inferences against Plaintiff by use of the word "counseled," or in its discussion concerning other events that occurred before the use of force took place that were not material to the Court's determination.

Similarly, Plaintiff's reference to other incidents that occurred before the use of force incident, <u>i.e.</u> whether Plaintiff was yelling in the recreation yard immediately before the escort, or reference to an incident that occurred 4 months before the incident <u>sub judice</u> when Kraus applied chemical agents on Plaintiff for a fight with his cellmate, were properly raised in the <u>disputed</u> fact section of the Court's Order.  <u>See</u> Motion at 4-5; Order at 8-15.  These facts were immaterial to the Court's Eighth Amendment analysis.

Plaintiff states that the Court improperly found that
Defendant Kraus had not threatened Plaintiff with physical harm and
"implie[d]" that whether Defendant Kraus had previously called
Plaintiff a "baby raper" was not material to the issues raised in
the summary judgment.  Motion at 6-7.  Plaintiff argues that the
Court cannot fairly state "that Kraus and Coniglio did not threaten
Plaintiff" because Kraus encouraged other inmates to hurt Plaintiff
when he told other inmates that Plaintiff was a "baby raper."  Id.
at 7.  Plaintiff further submits, "[i]f in fact, the threats were
made, as the Court must assume for purposes for summary judgment,
and made again in the context of the use of force, a reasonable
jury could conclude that the purpose of the use of force was not to
deal with a threat by Mr. Palmer, but to finally do what Defendant
Kraus was not able to get other inmates to do, to inflict physical
harm on Plaintiff."  Id. at 7-8.

As quoted in the Court's summary judgment standard of review,
"[w]hen opposing parties tell two different stories, one of which
is blatantly contradicted by the record, so that no reasonable jury
could believe it, a court should not adopt that version of the
facts of purposes for ruling on a motion for summary judgment."
Order at 17.  Whether or not Plaintiff was called a "baby raper" at
some time before the use of force, and/or while Defendant Kraus was
allegedly "giving blows" to Plaintiff during the use of force were

all disputed questions of fact.[2]   <u>Id.</u>   The overwhelming non-disputed material facts supported the Court's decision to grant Defendants' motion for summary judgment.  As noted in the Court's February 6 Order, Plaintiff attested during his deposition that Defendant Kraus "always 'picked on' him, but never threatened him with physical harm."  <u>See</u> Order at 8 (citing Pl's Depo. at 10-11). Whether or not Defendant Kraus encouraged other inmates to hurt Plaintiff by spreading rumors about Plaintiff, which was a disputed fact, was irrelevant to the Court's analysis in determining whether the Defendants' use of force in this instance based on the record before the Court violated the Eighth Amendment.  Therefore, the Court did not improperly construe the facts or make improper inferences against Plaintiff.

### C. Fixed-Wing Video Footage

Plaintiff next points to the fixed-wing video recording and argues that the Court's description of where Plaintiff's escort came to a halt, as set forth in a footnote, improperly inferred that Plaintiff was not suppose to stop at that point.  Motion at 5 (citing Order at 11, n. 6)(hereinafter "escort issue").  By footnote, Plaintiff submits that "it would have been helpful to the Court had attorney for the Plaintiff attached the second Ron

---

[2]The Court noted that Plaintiff could not describe how Kraus hit him, on what side he was hit, or how many times he was hit, and acknowledged that he did not feel pain from the hits.  <u>See</u> Order at 12 (citations omitted); <u>see</u> <u>also</u> Doc. #116, Pl's Depo. at 25-27.

McAndrew opinion, Exhibit A, stating that he had watched the video recording and found no basis for the use of force, to the response to Defendants' Motion for Summary Judgment." Id. at 5, n. 1.

At the outset, Plaintiff improperly refers the Court to McAndrew's "second opinion," which was not attached to Plaintiff's response to the Defendants' motion for summary judgment. See Id. Plaintiff may not use a Rule 59(e) Motion to raise arguments available, but not previously advanced. In re Kellogg, 197 F.3d 1116, 1120 (11th Cir. 1999)(citing Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998)). Plaintiff clearly had access to this report at the time he filed his response. Consequently, Plaintiff has not shown that this matter is newly discovered. In re Kellogg, 197 F.3d at 1120 (citing Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)).

Nevertheless, with regard the escort issue, Plaintiff refers the Court to a finding contained in the Court's disputed section of the facts. See Order at 8. Contrary to Plaintiff's position, the February 6 Order made no inferences regarding where the escort halted. See Order at 10-11. Instead, the Court was merely describing the details of the escort, by way of footnote, as evidenced by the fixed-wing video footage. Of significance was the fact that the video footage confirmed that the escort halted, not where the escort stopped.

Plaintiff also takes issue with the Court's statement that Plaintiff admitted that he was "agitated." Motion at 5. Plaintiff contends that the fact he was agitated "does not mean that he acted in a particular way. It describes how he felt." Id. at 5-6.

That Plaintiff was "agitated" was set forth in the undisputed findings of fact portion of the February 6 Order. See Order at 6. In pertinent part, the Order stated:

> During the escort, Plaintiff admits that he was "agitated," that he "turned" his head, was "face-to-face" with Office Kraus, and that he "does not recall" whether or not he used profanity toward Kraus.

Order at 6. Plaintiff acknowledged in his deposition that he was agitated and this statement was made in the context of him explaining that he did not want to be escorted by Defendant Kraus. Id.; see also Pl's Depo., Exh. F at 21-23. The fact that Plaintiff described himself as "agitated" was one factor when describing the context for the escort, irrespective of whether he "acted" agitated, or, as Plaintiff now argues, "felt" agitated. See also Order at 23. The Court neither improperly construed the fact that Plaintiff said he was agitated, nor did the Court make any improper inferences from Plaintiff's acknowledgment that he was agitated at the start of the escort.

### D.  Claims Against Defendants Walker and Warden Johnson

Plaintiff argues that the Court erred in finding no liability as to Defendant Walker for failing to intervene. Motion at 8-9. Specifically, Plaintiff argues that "a reasonable jury could find

that Plaintiff stopped an appropriate distance from the door, so
that officers could come and go while Plaintiff waited for the door
to be opened, and that his words and body language did not appear
to threaten Officer Kraus, then a jury could find the force
excessive and Lt. Walker's failure to intervene a constitutional
tort." Id. at 9.

The Court granted Defendant Walker's summary judgment on
Plaintiff's failure to intervene claim because the Court found no
constitutional violation stemming from Defendant Kraus' use of
force.  Order at 28.  The Court further noted:

> Lieutenant Walker's decision not to have Plaintiff
> escorted by a different guard, does not amount to
> constitutional liability based upon the facts in this
> case.  In fact, Plaintiff's insistence that Walker have
> a different guard escort him instead of Kraus further
> evidences that Plaintiff was not complying with Walker's
> and Kraus' orders that Plaintiff leave the recreation
> cell for an escort by Office Kraus.

Order at 28.

Plaintiff next takes issue with the Court's decision to grant
Defendant Warden Johnson's motion for summary judgment.  Motion at
9-10.  Plaintiff refers the Court to his expert, Ron McAndrew, and
argues that McAndrew took issue with Warden Johnson's response.
Id.  Plaintiff argues that "[w]hen persons with the same
professional background and expertise are at odds with each other
over what would have been appropriate professional response to the
allegations by Plaintiff, it should fall to a jury to draw the
conclusion." Id. at 10.

As previously stated, Rule 59 is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." <u>Maroun</u>, Case No. 8:07-cv-1976-T-24MAP, 2009 WL 3736121 *6 (M.D. Fla. 2009)(internal citations omitted). Thus, the Court will not review its decision with respect to Defendants Walker or Warden Johnson. The Court notes, however, that it did take note of Plaintiff's expert's report. <u>See</u> Order at 29-30 (in pertinent part finding that Warden Johnson's immediate commencement of the investigatory process into Plaintiff's accusations was an objectively reasonable response based on the facts presented).

### E.  Injuries the Plaintiff Sustained

Plaintiff states that the Court improperly found that Plaintiff suffered "no injury" and references the case law that holds significant injury is not required to prove an excessive use of force claim. Motion at 10-11.

Contrary to Plaintiff's argument that the Court found Plaintiff suffered "no injury," the Court noted in its undisputed section of fact portion of the Order that Plaintiff sustained injuries consisting of scraped elbows and experienced lower back pain. In pertinent part, the Court found as follows:

> The medical forms evidence that Plaintiff sustained only "superficial scrapes" to both elbows and a scratch to his right forearm, which were treated with band-aids. Plaintiff also complained of low back pain during the use of force examination, but acknowledges that he suffers from a pre-existing back condition.

Order at 8 (citations in original omitted).  Thus, the Court noted Plaintiff's injuries were "minimal."  Order at 26.  However, the Court further found that Plaintiff did not submit any evidence to contradict the medical evidence of record that the injuries he sustained consisted of anything more than the injuries mentioned above.  See id. at 14 (noting that "Plaintiff provides no medical documents showing that he complained of pain in his ribs, sought treatment for any medical issues in his rib area, or that he subsequently had any bruising in his rib area."); see also Order at 24-25.  The Court recognized that a plaintiff need not suffer serious injuries to prevail on an excessive use of force claim, but did consider the extent of Plaintiff's injuries as one factor in determining that the force was used in good faith to maintain or restore discipline, and was not done maliciously and sadistically to cause harm.  Id. at 26-27.  The Court reaffirms its February 6 Order in its entirety.

ACCORDINGLY, it is hereby

**ORDERED**:

Plaintiff's Motion to Alter or Amend Judgment (Doc. #134) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, on this __27th__ day of September, 2012.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

-15-