```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LESAMUEL PALMER,

              Plaintiff,

vs.                                Case No.   2:09-cv-604-FtM-29DNF

A. JOHNSON; A. WALKER; M. KRAUS; S. CONIGILIO,

              Defendants.
_____

**ORDER**

This matter comes before the Court upon review of Defendants' Motion for Costs and Attorneys Fees (Doc. #132, Motion), filed pursuant to 42 U.S.C. § 1988(b), Fed. R. Civ. P. 54(d), and 28 U.S.C. § 1920. Defendants attach copies of their bill of costs and receipts (Doc. #132-1) to their Motion. Plaintiff filed a response (Doc. #134, Response) in opposition and included therein a request to stay taxation of costs until after appeal. This matter is ripe for review.

**I.**

Defendants, as prevailing parties, move for reimbursement of attorney's fees and argue that Plaintiff filed a frivolous case. Motion at 2-3. Defendants also seek taxation of costs for: (1) costs related to Plaintiff's deposition and copies; (2) costs for 188 pages of copies that were mailed to Plaintiff prior to his attorney entering an appearance; and, (3) costs for the court ordered mediation. Id. at 4-6.

Plaintiff opposes imposition of attorneys fees and argues that his case was not frivolous, groundless, or without foundation. Response at 5. Plaintiff refers the Court to an expert opinion he previously attached to his response in opposition to the Defendants' motion for summary judgment. With respect to taxation of costs, Plaintiff asserts that he is indigent, so the Court should not tax costs. Id. at 7-8. Plaintiff also argues that the "public interest" and "equities" of the case should lead the Court to decline to tax costs. Id. at 9-10. In the alternative, Plaintiff seeks a deduction of certain costs. Id. at 11-15. For the reasons herein, the Court grants Defendants' Motion in part and denies the Motion in part.

## II.

By way of background, Plaintiff, a prisoner in the custody of the Florida Department of Corrections, initiated this action by filing a pro se civil rights complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 on September 14, 2009. On February 23, 2011, counsel entered an appearance on behalf of Plaintiff, and was granted an extension of time to execute service of process on Defendant Coniglio. The parties filed the required Joint Case Management Report on July 13, 2011. See docket.

Plaintiff proceeded in this action against the following Defendants in their individual and official capacities: Andro Johnson, the Warden of Charlotte Correctional Institution ("CCI");

A. Walker, Lieutenant at CCI; M. Kraus and S. Congilio, correctional officers at CCI. See generally Complaint. Plaintiff alleged he was subjected to cruel and unusual punishment in violation of the Eighth Amendment stemming from the excessive use of force that occurred while he was being escorted from a recreation cage back to his cell at CCI on June 9, 2009. Id. at 8.

On February 6, 2012, the Court entered an Order (Doc. #130, Order) granting the motion for summary judgment filed on behalf of Defendant Johnson (Doc. #112) and the amended motion for summary judgment (Doc. #113) filed on behalf of Defendants Kraus, Coniglio, and Walker. Judgment was entered that same day. See docket. In granting the Defendants' motions, the Court reviewed the record, including fixed-wing video footage that captured the use of force at issue. See Order at 6-7. In pertinent part, the Court noted that the video footage:

> [C]onfirms that the escort haulted for approximately four seconds, when Plaintiff [a close management inmate] was 'face-to-face' with Kraus, at which point Officer Kraus used two, swift, spontaneous movements to take Plaintiff to the ground. The video shows that Plaintiff landed on his side on the ground and Kraus was also on the ground struggling to turn Plaintiff, who was resisting, chest down on the floor. Once Plaintiff was on the ground, Officer Coniglio assisted Kraus [to] secure Plaintiff on the ground by holding his legs, and placing leg irons on Plaintiff. Lieutenant Walker was present at the scene, but did not get involved in the physical restraint of Plaintiff on the ground. The duration of time, from initial take down by Kraus to the time the officers lifted Plaintiff from the ground, spanned approximately four minutes. . . . Plaintiff was immediately brought to the medical department.

Order at 7-8.

### III.

A court may award attorney's fees under § 1988 to a prevailing defendant where the court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even thought not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14 (1980)(citations omitted). The Eleventh Circuit considers the follow factors in determining whether a claim is frivolous: "(1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985).

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorneys fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs, but the court is permitted to decide otherwise in its discretion. Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000)(en banc). A district court may deny full costs if there is a sound basis for such a decision and the reason is stated by the court. Id. at 1039. "[A] non-prevailing party's financial status is a factor that a district court may, but need not,

consider in its award of costs pursuant to Rule 54(d)." ANG v. Coastal International Sec. Inc., 417 F. App'x 836, 838 (11th Cir. 1011)(citations omitted). However, if considering financial status, the court "must require substantial documentation of a true inability to pay." Id.

Title 28 U.S.C. § 1920 enumerates the costs that may be taxed at the discretion of the court. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). Costs that may be awarded under § 1920 include: "(1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; [and] (4) fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. In the exercise of sound discretion, the court is accorded great latitude in ascertaining taxable costs. E.E.O.C v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000). However, such costs may not exceed those permitted by 28 U.S.C. § 1920. Matthews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007)(citations omitted); see also Crawford, 482 U.S. at 445 (stating "absent explicit statutory or contractual authorization for the taxation of the expense of a litigants' witnesses as costs, the federal courts are bound by the limitations set out in 28 U.S.C. 1820 and 1920.").

**A.   Attorney's Fees**

Defendants first seek taxation of attorney's fees. Motion at 4. Defendants submit that they spent a total of 206.1 hours working on this case and seek reimbursement of $16,075.80 in attorneys fees. Id. at 4.

Upon review of the record, the Court denies Defendants' motion for attorney's fees. As set forth above, in determining whether to award attorney's fees, the Court must consider whether the plaintiff's action was frivolous, unreasonable, or without foundation. To determine frivolity, the Court considers whether: (1) the plaintiff established a *prima facie* case; (2) the defendant offered to settle; (3) the trial court dismissed the case prior to trial or held a full-blown trial on the merits. Supra at 4.

At the outset, the record does not contain any information regarding whether Defendants offered to settle the case.[1] See Doc. #132-1, Defs' Exh. A at 1. With respect to the remaining factors, Plaintiff did state a *prima facie* case as evidenced by the Court's initial denial of Defendants' motions to dismiss. See docket. The case ended at the summary judgment stage of the proceedings because the record revealed no genuine dispute of material fact. At the

---

[1]Defendants attach as an exhibit their Rule 3.01(g) notice conferring with opposing counsel before the filing of the instant Motion. Within this notice, is the only reference to any settlement discussions. Therein, defense counsel references the fact that he offered pro se plaintiff a "nominal settlement" offer of $500.00.

summary judgment stage of the proceedings, the Court made all reasonable inferences in favor of Plaintiff, but did not make all possible inferences in Plaintiff's favor. Therefore, while Defendants were entitled to summary judgment because Plaintiff did not produce evidence to establish a genuine issue of material fact, the Court does not find that Plaintiff's case was frivolous, unreasonable, or filed without foundation. Therefore, the Court denies Defendants Motion to the extent they seek attorneys fees.

**B. Costs**

**1. Deposition and Copies**

Defendants seek reimbursement of $344.20 for the copy of Plaintiff's deposition. Motion at 4. Other than raising Plaintiff's indigence, matters of equity, and public policy, Plaintiff does not appear to oppose imposition of costs for the court reporter's appearance and transcript of Plaintiff's deposition. Plaintiff does contest imposition of costs for the word index and postage to mail the copy of the deposition to Defendants, which totaled $9.70. Response at 12.

A prevailing party may tax the costs for a deposition. 28 U.S.C. § 1920(2); W&O, Inc, 213 F.3d at 620. However, deposition costs are not taxable when the "costs were merely incurred to convenience, to aid in thorough preparation, or for purposes of investigation only." Id. (internal quotation marks omitted). Thus, in order to recover the costs for a deposition, it must have

been, in whole or part, "necessarily obtained for use in the case." Id. at 621 (internal quotation marks omitted).

The Court finds the Plaintiff's deposition was necessarily obtained for use in this case. Further, the Court rejects Plaintiff's argument that costs should not be taxed based on Plaintiff's indigence, equity, public policy, or based on his indigence. Although Plaintiff was granted leave to proceed in forma pauperis in this case, he does not present substantial documentation showing a true inability to pay. Additionally, the Court rejects Plaintiff's argument that the costs for Plaintiff's deposition transcript should be reduced to exclude the cost for the word index and postage. George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1298 (M.D. Fla. Aug. 28, 2000)(stating "[r]easonable costs associated with depositions, such as postage for mailing the transcripts, may similarly be taxed."). Thus, the Court will tax Plaintiff costs for the deposition of Plaintiff and copies in the amount of **$344.20.**

Defendants also seek taxation of costs totaling $28.20 for copies of documents mailed to Plaintiff, prior to his attorney entering an appearance, because pro se Plaintiff did not have access to the Court's electronic case management and filing system. Motion at 4-5. Defendants state that 188 copies were made for Plaintiff at 0.15 cents per page totaling $28.20. Id. at 4, fn. 2. Plaintiff opposes imposition of these costs and points out that

Defendants have not indicated any basis or justification for the copying costs. Response at 12.

Section 1920 permits taxation of costs for copies necessarily obtained. See § 1920; see also W&O, Inc., 213 F.3d at 622-623. A prevailing party need not show that the copies of the documents were introduced into evidence or submitted to the Court. Id. at 623. Instead, the standard is whether the prevailing party could have reasonably believed it was reasonably necessary to copy the papers at issue at that time. Id. One such category of taxable costs is "[c]opies attributable to discovery." Id. (citation omitted). Other categories include: "copies of pleadings, correspondence, and other documents tendered to opposing parties [and] copies of pleadings, motions and memorandum which were provided to the court." Horton Homes, Inc. v. U.S., Case No. 5:01-cv-130-2(W), 2004 WL 1719354 *2 (M.D. Ga. June 20, 2004). The burden is on the prevailing party to establish the nature of the documents and how they were used or intended to be used in the case. Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

Here, the Court denies Defendants' request to tax costs for the copies. Defendants have not established the nature of the documents and how they were used in this case. Instead, Defendants merely refer the Court to a litany of various docket entries. See

-9-

Motion at 4.  Therefore, the Court will not tax the costs for copies.

### 2. Mediation

Defendants seek reimbursement of $300.00 as the costs associated with the Court ordered mediation.  Motion at 4. Plaintiff states that mediation costs are not taxable under § 1920. Response at 12.

This Court has previously addressed whether a prevailing party may seek reimbursement of costs associated with the Court ordered mediation. See Kotek v. Almost Family, Inc., Case No. 2:03-cv-691-FtM-29-DNF, 2005 WL 1126558 *3 (M.D. Fla. May 12, 2005).  Although mediation costs are not taxable under § 1920, under subsection E of the August 1, 2011 Case Management and Scheduling Order (Doc. #110) provides:

> The mediator shall be compensated as per Local Rule 9.02(f), or at a rate stipulated by the parties in advance of mediation and borne equally by the parties. Upon motion of the prevailing party, **the party's share may be taxes as costs in this action**.

Doc. #110 (emphasis added); see also Kotek, *3.  Because the Court has determined that Defendants are the prevailing parties, the Court will tax the Plaintiff the costs Defendants incurred for the mediation in the amount of **$300.00**.

In closing, the Court denies Plaintiff's motion to stay imposition of costs, which is contained within his Response. See Case No. 6:09-cv-1761-Orl-22DAB, Cute v. ICC Capital Mgmt, Inc.,

2011 WL 344133 * 1 (M.D. Fla. July 22, 2011)("There is no provision for a delay in taxation of the bill either in the statute or Rule.").

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Motion for Taxation of Costs (Doc. #132) is **GRANTED** in part and **DENIED** in part as set forth herein. Plaintiff is taxed costs totaling **$644.20.**

2. Plaintiff's motion to stay taxation of costs contained within his response (Doc. #133) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, on this __2nd__ day of October, 2012.

/s/ John E. Steele<br>
JOHN E. STEELE<br>
United States District Judge

SA: alj
Copies: All Parties of Record